(45 Misc. Rep. 616)

### SHROPSHIRE v. FRANKEL.

(Supreme Court, Appellate Term.   December 7, 1904.)

1. BROKERS—COMMISSIONS—PROCURING LOAN—REJECTION OF LOAN.
    In an action by a broker to recover commissions for procuring a loan, it appeared that the written portion of the application for the loan was filled in by the broker, and that he was aware, when defendant signed the application, that defendant was uncertain as to the exact dimensions of the lot on which security was to be given, though the dimensions were stated in the application, and the loan was rejected because the dimensions were not correctly given. *Held*, that inasmuch as the broker was equally responsible with the defendant for not disclosing the situation to the lenders, and for their refusal to make the loan, he could not recover.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Ralph Shropshire against Julius Frankel. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Rosin & Eno, for appellant.

Charles H. Friedrich, for respondent.

FREEDMAN, P. J. This judgment must be reversed. Assuming as we must, in its determination, that upon all disputed questions of

fact the trial judge found the testimony in favor of the plaintiff's contention to be true, nevertheless he failed to make out a cause of action. According to the testimony given on the part of the plaintiff, he was authorized by the defendant to procure a loan of $12,000, to be secured by a first mortgage, and $1,000, to be secured by a second mortgage, upon premises represented and stated by the defendant, in a written application for such loan, to be 20 feet front. This application was dated February 10, 1904, and signed by the defendant. Upon the same day defendant was notified by letter from the plaintiff that a client of his office had accepted the loan, and that Messrs. Bowers & Sands would search the title. Subsequently plaintiff and defendant met at the office of Bowers & Sands, and the defendant was there told that Bowers & Sands were the parties who proposed to loan the money, but upon examination of the title it was found that the premises were but 19 feet, or 19 feet and 4 inches, front, and for that reason Bowers & Sands refused to loan $13,000 upon the property. It was shown by the defendant without objection that the written portion of the application was filled in by the plaintiff, and that, when the defendant was asked the dimensions of his lot, he said, "On or about, more or less, 20x 106," and that the plaintiff said, "We will make it twenty," and he wrote out the application that way. If, as claimed by the plaintiff, the refusal to place the loan was because the application made incorrectly stated the exact width of the lot, the plaintiff, who was aware that the defendant, at the time he signed such application, was uncertain as to the exact dimensions of the lot, was equally at fault with the defendant in not disclosing such situation to the proposed lenders, and for their refusal to make the loan must be held equally responsible with the defendant. See Crasto v. White, 52 Hun, 475, 5 N. Y. Supp. 718; Chambers v. Ackley, 91 N. Y. Supp. 78.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.